No. 368

No. 19431—Charles L. Stacey v. Fidelity & Casualty Co., et al. Error to the Huron Appeals.

209a. CASUALTY INSURANCE—1. Condition in policy making payment by assured of loss or damage by a casualty a condition precedent to recover on a policy is null and void, under 9510-3 GC.

2. Judgment creditor of assured, after lapse of thirty days, entitle to direct action against insurance company, under 9510-4 GC., but valid conditions of insurance contract as to notice, etc., binding on assured are binding on the creditor.

MARSHALL, C. J.

1. By virtue of the provisions of Section 9510-3, General Code, the liability of an insurance company in the event of loss or damage on account of a casualty covered by a contract of insurance becomes absolute only in the

sense that the payment of loss by the insurance company shall not depend upon the satisfaction by the assured of a final judgment against him for loss or damage or death occasioned by such casualty.

2. By virtue of that statute a condition in a policy of insurance which would require payment by the assured of loss or damage occasioned by a casualty as a condition precedent to the recovery of the liability under such policy of insurance, would be null and void.

3. By the provisions of Section 9510-4, General Code, a judgment creditor is entitled to a direct action against the insurance company after obtaining a judgment against the assured and after the lapse of thirty days after judgment is rendered, provided that any valid conditions in the contract of insurance pertaining to notice of the accident, or of a claim being made on account of such accident, or of suit being brought against the assured on account of casualties coming within the terms of said policy, which would be binding upon the assured are likewise binding upon such judgment creditor.

Judgment affirmed.

Jones, Matthias, Day and Kinkade, JJ., concur.

---

No. 369

No. 19620—Edward C. Stanton, Prosecuting Atty. v. State Tax Commission et al. Error to the Cuyahoga Appeals.

291. CONSTITUTIONAL LAW—1. Legislation may confer on common pleas jurisdiction to review orders of state tax commission.

2. Sec. 5611-2 GC. conferring jurisdiction on common pleas in proceedings to reverse, etc., orders of commission, is constitutional.

MARSHALL, C. J.

By virtue of section 4 of article 4 of the Ohio constitution, the legislature may confer upon the court of common pleas jurisdiction to review orders of the state tax commission, and section 5611-2 General Code conferring such jurisdiction does not contravene any provisions of the state or federal constitutions.

Judgment reversed.

Jones, Matthias, Day, Kinkade and Robinson, JJ., concur. Allen, J., not participating.